**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES T. RIGGS JR., | ) | |
| | ) | Civil Action No.: |
| Plaintiff, | ) | |
| v. | ) | Hon. Judge: |
| | ) | |
| MORGAN STANLEY SMITH BARNEY LLC, | ) | Magistrate Judge: |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Charles T. Riggs Jr. ("Mr. Riggs"), for his Complaint against Defendant Morgan Stanley Smith Barney LLC ("MSSB"), complains and alleges as follows:

**Cause of Action**

1.      This is an action by Plaintiff Mr. Riggs against Defendant MSSB for Breach of Fiduciary Duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1001, *et seq.*, and Breach of Fiduciary Duty and Breach of Contract under the common law, and for Negligence under the common law.  Mr. Riggs seeks damages, including but not limited to compensatory and punitive damages, as well as attorneys' fees, costs and pre-judgment interest**.**

**Parties**

2.      Plaintiff Mr. Riggs is an individual U.S. citizen residing in the State of Illinois.  At all relevant times hereto, Mr. Riggs was a participant in the Patula & Associates, P.C. Prototype Retirement Plan ("the Plan") and had fully vested assets in the plan.

3.      Upon information and belief, Defendant MSSB is a limited liability company organized under the laws of the State of Delaware, and resides in the State of New York, having a

1

principal place of business at 1585 Broadway New York, New York 10036.  MSSB is an investment

manager and an ERISA fiduciary, obligated to administer the Plan for the exclusive benefit of the

participants and with discretionary authority with respect to investments and liquidation of Plan

assets.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332 and

29 U.S.C. § 1132(e)(1).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. §

1132(e)(2).

## Background Facts

6.  Upon information and belief, at all relevant times hereto, MSSB, by and through Mr. Tom

Bass in the Chicago Office of MSSB, was responsible for investing, managing and liquidating the

assets of the Plan.

7.  During early 2011, Mr. Riggs decided to transfer/rollover his vested assets in the Plan.

MSSB had knowledge of Mr. Riggs intent to transfer/rollover his vested assets as of January 4,

2011.  Exhibit 1.

8.  On February 23, 2011, Patula & Associates, P.C., and specifically its principal Timothy T.

Patula (hereinafter collectively "P&A"), instructed MSSB to distribute Mr. Riggs assets in the plan

to Mr. Riggs. Exhibit 1.

9.  On March 1, 2011, Mr. Riggs was provided a form needed by MSSB to make the

requested distribution.  Group Exhibit 2.  Mr. Riggs had subsequent correspondence with P&A and

MSSB that same day regarding the date for calculating Mr. Riggs' assets in the Plan. Group Exhibit

2.

10. On March 8, 2011, Mr. Riggs returned the completed form to P&A and asked that it be signed and sent to MSSB. Exhibit 3.

11. On March 9, 2011 P&A asked Mr. Riggs where the asset amount be listed in the form. Exhibit 3. Mr. Riggs responded that he believed no amount should be listed, just an indication that the request was for a total distribution. Exhibit 3.

12. On March 15, 2011, Mr. Riggs asked P&A if the form was being processed as of March 8, 2011. Group Exhibit 4. After further correspondence and discussions, P&A informed Mr. Riggs that the asset calculation had to be made at the end of a month, based off of a monthly statement, otherwise the exact amount could not be determined. Based upon this information, and in order to receive the distribution as quickly as possible, Mr. Riggs agree to use the last end of the month statement for the Plan, i.e. February 28, 2011, to calculate his asset value in the Plan. That same day, Mr. Riggs completed another distribution form using the asset calculation as of February 28, 2011 and sent the form to P&A. Group Exhibit 4.

13. On March 16, 2011, P&A sent the complete distribution form to MSSB, and indicated that the rollover should be effective February 28, 2011. P&A also asked MSSB to contact him upon receipt. Exhibit 5.

14. Thereafter Mr. Riggs patiently waited for his distribution check to come in the mail, checking his mail for the check daily. Mr. Riggs assumed that he would receive the check within 7 to 10 business days from the March 16, 2011 distribution request. However, after three weeks had passed, Mr. Riggs began to question where the check was and emailed MSSB on April 12, 2011 regarding the status of the distribution. Group Exhibit 6.

15. MSSB shockingly informed Mr. Riggs that same day, that after almost four weeks, it still needed to "get specific instructions from Tim on what investments should be sold to raise the

distribution amount." Group Exhibit 6. This revelation caused Mr. Riggs high anxiety and emotional distress, as well as a feeling of hopelessness, as Mr. Riggs was essentially at the mercy of MSSB to get the asset distribution completed.

16. On April 18, 2011, Mr. Riggs asked P&A in an email to contact MSSB since it was apparently still waiting to hear from P&A about what investments to sell before Mr. Riggs' distribution could be made. Group Exhibit 7. P&A replied that same day that it had spoke to MSSB on April 14, 2011, and that the distribution would be done "today or tomorrow." Group Exhibit 7.

17. The following day, April 19, 2011, P&A informed Mr. Riggs that it had again spoken to MSSB about the sale of funds for the distribution, and that it suspected it would be a "day or so and it will be done." Exhibit 8.

18. Despite the recent communications over the prior two weeks, after checking his mail on April 25, 2011for the distribution check, which had become a daily ritual, Mr. Riggs emailed MSSB asking it if the funds for the distribution had been raised. Group Exhibit 9. MSSB again shockingly replied that it had just received instructions from P&A "today" (April 25, 2011) and had begun to raise the funds for the distribution. MSSB indicated that the settlement day would be Thursday April 28, 2011, i.e., just three business days after apparently receiving the instructions. Group Exhibit 9. P&A then informed Mr. Riggs on April 25, 2011 that he should have the distribution check from MSSB "today or tomorrow." Group Exhibit 9.

19. Not having received the check by the morning of April 29, 2011, Mr. Riggs, exasperated, emailed MSSB informing them that he had still not received the check six weeks after MSSB receive the distribution form and request, and that this delay has apparently caused Mr. Riggs to miss out on a 10% gain in the stock market, or over $40,000 dollars, unless the distribution had

been recalculated.  Group Exhibit 10.  MSSB replied that the check had been overnighted and that

Mr. Riggs would be receiving it that day. Group Exhibit 10.

20.  After receiving the check by FedEx later that day, Mr. Riggs learned that the distribution

amount had not been recalculated and that he did in fact miss out on the approximately 10% market

gain.  Mr. Riggs immediately emailed MSSB and P&A in an attempt to rectify the situation. Group

Exhibit 10.

21.  The next month, after not receiving any response to his last email, Mr. Riggs emailed

MSSB on May 19, 2011 requesting that they distribute the gains that Mr. Riggs' assets realized in

the Plan during the six week delay from the distribution request to the distribution. Exhibit 11.

22.  Mr. Riggs again received no response, and sent a follow up email on October 14, 2011.

Exhibit 12.  On November 16, 2011, Mr. Riggs received a letter from the Early Dispute Resolution

Group of MSSB stating its position that the six week delay was due to the fact that MSSB allegedly

"did not have complete instructions to process your distribution request until April 25, 2011."

Exhibit 13.  To this date, MSSB has not provided any explanation as to why it took MSSB

approximately six weeks to obtain the "complete instructions."

23.  Upon information and belief, a simple five to ten minute phone call would have been

sufficient to obtain the "complete instructions."  Further upon information and belief, the "complete

instructions" was simply a decision to liquidate an equal percentage of all funds in the Plan across

the broad.

24. The stock market rose approximately 10% from Mach 16, 2011 to April 29, 2011.  Since

then, the stock market has risen another approximately 15% to date.

25.  Because MSSB did not transfer the assets of the Plan in a reasonable and timely manner,

Mr. Riggs' lost out on being able to reinvest the assets during this 10% market rise.  As a result, Mr.

Riggs' assets realized an approximately 10% gain while they remained in the Plan awaiting distribution, and Mr. Riggs was denied the benefit of some or most of these gains.

26. Further, Mr. Riggs was able to purchase fewer units of the investments he purchased after receiving the distribution than he could have obtained had MSSB properly transferred the Plan's assets in a reasonable and timely manner. Mr. Riggs' also lost out on the approximately 15% market gain on the amount Mr. Riggs lost as a result of MSSB negligence and breach of fiduciary duty.

27. The amount of the loss to the distributed assets resulting from MSSB's negligence and breach, and from the unrealized gain on this amount, is estimated to be approximately $35,000-$40,000.

## COUNT ONE

(Breach of Fiduciary Duty Under Sections 404 and 502(a)(2) of ERISA)

28. MSSB's failure to timely transfer Mr. Riggs' assets without undue delay constituted breaches of its fiduciary duties under Section 404 of ERISA, 29 U.S.C. § 1104, remediable under Section 502(a)(2) of ERISA, including but not limited to: (a) its duty to act solely in the interest of the participants and beneficiaries; (b) its duty to act for the exclusive purpose of providing benefits to

participants and beneficiaries and defraying reasonable expenses of administering the Plan; and (c) its duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

## COUNT TWO

(Breach of Fiduciary Duty Under Sections 404 and 502(a)(3) of ERISA)

29. MSSB's failure to transfer Mr. Riggs' assets without undue delay constituted breach of its fiduciary duties under Section 404 of ERISA, 29 U.S.C. § 1104, remediable under Section 502(a)(3) of ERISA, including but not limited to: (a) its duty to act solely in the interest of the participants and beneficiaries; (b) its duty to act for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan; and (c) its duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

## COUNT THREE

### (Breach of Fiduciary Duty Under Illinois Law)

30. MSSB's failure to timely transfer Mr. Riggs' assets without undue delay constituted breaches of its fiduciary duties under Illinois common law.

## COUNT FOUR

### (Negligence)

31. MSSB's failure to timely transfer Mr. Riggs' assets without undue delay constituted negligence under Illinois common law.

## COUNT FIVE

### (Breach of Contract)

32. MSSB's failure to timely transfer Mr. Riggs' assets without undue delay constituted a breach of its contract with respect to the Plan under Illinois common law.

**Prayer for Relief**

WHEREFORE, plaintiffs pray for Judgment, Order and Decree of this Court as follows:

A. To direct MSSB to make good for the losses resulting from its breaches and negligence;

7

B.  For an award of prejudgment interest;

C.  For an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g);

D.  For an award of punitive damages; and

E.   For such other and further legal or equitable relief as is appropriate under the circumstances.

Respectfully submitted,

**CHARLES T. RIGGS JR.**

Date: _April 29, 2013_____          By:     /s/Charles T. Riggs Jr._____
                                              *Plaintiff*

Charles T. Riggs Jr.
(criggs@att.net)
551 Forest Ave.
River Forest, Illinois 60305
(708) 828-6130